GREMILLION, Judge,
concurs and assigns written reasons.
The majority sets aside the trial court’s order of restitution and remands the matter to the trial court to award a lower amount in restitution and to proscribe a payment schedule. I agree with this result. However, because I disagree with some of the majority’s reasoning, I must concur in the result.
The trial court finds the amount of restitution is too high for two reasons. First, it faults the trial court’s conclusion that the appropriate amount of loss was $5,805.00. Second, it finds that there is no reason to believe that this minor could repay that much money. I disagree with the first reason; I agree with the second.
The evidence that the amount of loss was $5,805.00 came from the principal of the burglarized middle school. As the majority opinion properly points out, her testimony was undisputed. If the juvenile’s attorney believed the principal’s testimony lacked credibility, he could have attempted to provide evidence regarding depreciation or simply that the principal’s values were too high. No such attempt was made. No such evidence is in this record.
The trial court found the evidence provided by the principal of the burglarized school to be credible and ordered restitution based on that evidence. That order is subject to an abuse of discretion standard. State v. Shell, 46,983 (La.App. 2 Cir. 3/7/12), 87 So.3d 934. I do not find the trial court’s acceptance of the principal’s testimony to be an abuse of its discretion. Accordingly, I would not have disturbed the trial court’s order based on that evidence.
| {¡However, as I stated hereinabove, I do think the amount is clearly more than this juvenile can reasonably be expected to repay. I also believe it was error for the trial court to fail to provide a payment schedule. I, thus, concur.